UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ST. PAUL REINSURANCE COMPANY )
LIMITED LONDON,              )
                             )   No. C05-1912 BZ
         Plaintiff(s),       )
                             )
    v.                       )
                             )   **ORDER DENYING MOTION TO**
THE FORT MILLER GROUP, INC.  )   **INTERVENE**
and BEECHE SYSTEMS           )
CORPORATION,                 )
                             )
         Defendant(s).       )
                             )
_____)

     Robison-Prezioso, Inc. (Robison) has moved to intervene in this insurance coverage dispute.[1]  Plaintiff opposes intervention.  Defendants have not taken a position.

     None of the cases upon which Robison relies establishes that it has a protectable interest which may as a practical matter be impaired if it is not allowed to intervene.  This

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c).

1

is not a case in which the defendants have defaulted, leaving no one except an intervenor to defend against an insurer's efforts to eliminate coverage.[2]  Nor is this a case where the defendants are defunct, bankrupt or in prison and there appears to be a real risk that absent insurance coverage, Robison will be unable to recover on a judgment.[3]  Robison is suing defendants for $12 million dollars in state court. Before St. Paul's "gap" insurance policy would come into play, Robison would have to obtain a judgment and then be unable to satisfy it from defendants or from defendants' other insurers.  Unlike the individual defendants in most of the cases in which the intervenor relies, the defendants here appear to be substantial corporations, one of which, according to its website, has been in business for over 50 years.

In its reply papers, Robison for the first time asserts

---

[2]  See e.g. Security Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377 (7th Cir. 1995)(intervention permitted after defendant's default entered to avoid allowing insurer "to play the Washington Generals and get out of town with a quick win"); Truck Ins. Co., v. Superior Court, 60 Cal.App.4th 342, 347-48 (1997) (intervention permitted to prevent insured's default from destroying insurer's right to pursue equitable contribution).

[3]  See e.g. St. Paul Fire & Marine Ins. Co. v. Summit-Warren, 143 F.R.D. 129 (N.D.Ohio 1992)(defunct corporation); Teague v. Bakker, 931 F.2d 259, 260 (4th Cir. 1991)(defendant insured in prison and with limited financial resources to satisfy $129 million dollar judgment); Continental Ins. Co., v. Law Office of Thomas J. Walker, 171 F.R.D. 183, 185 (D. Ma. 1997) (defendant's limited funds would prevent intervenors from satisfying judgment if policy rescinded); TIG Specialty Ins. Co., v. Financial Web.com, Inc., 208 F.R.D. 336, 338 (M.D. Fla. 2002) (intervenor's sole means of recovery was insurance policy plaintiff sought to rescind).

2

that it might not be able to recover on a potential judgment for two reasons.  First, it claims that defendant Beeche Systems Corporation's (Beeche) parent, defendant The Fort Miller Group, Inc., (Fort Miller) "has disclaimed any liability or responsibility for Beeche's actions in connection with the project and will not contribute to any settlement and or judgment." (Robison's Reply p. 10). Nowhere does Robison state the factual basis for this claim or explain how Fort Miller might avoid any judgment entered against it since Fort Miller is a named defendant in Robison's state court suit.  Second, Robison asserts that Beeche filed a bankruptcy proceeding in 1991.  This information is contained in the declaration of Angela Zanin, counsel for Robison, who describes her role as including "research on the financial stability of the defendants." (Zanin Decl. para. 2).  Nowhere is there any explanation as to why this information was not filed in support of its motion so that St. Paul would have had an opportunity to respond.  Raising new factual material in the reply is disfavored and I have attached less weight to it. See Lujan v. National Wildlife Federation, 497 U.S. 871, 894-95 (1990); Judge William W. Schwarzer, et al., Federal Civil Procedure Before Trial, § 12:107 (Rutter Group 2004). Without more, the fact that one defendant filed for bankruptcy 14 years ago does not justify intervention.

    Robison has cited no California authority in which a plaintiff has been allowed to intervene in a coverage dispute between the defendant and defendant's insurer.  Nor has it

3

cited any persuasive reason why this should be permitted in a routine coverage dispute which lacks any of the special characteristics, such as a default or a bankruptcy, which have troubled the courts.  On the contrary, what Robison seeks seems inconsistent with California's restrictions on direct actions against insurers.  <u>See</u> Cal. Ins. Code § 11580.

 Nor has Robison established that defendants cannot adequately protect its interests.  Defendants are represented by a major law firm and appear to be actively defending this action.

 Alternatively, Robison seeks to permissively intervene under Fed. R. Civ. Proc. 24(b).  A court may exercise its discretionary power to permit intervention where there is a common question of law or fact between the movant's claim and the main action.  <u>See</u> <u>U.S. v. State of Wash.</u>, 86 F.3d 1499, 1506-07 (9th Cir. 1996).  Robison has failed to explain what common questions of law or fact exist to justify permissive intervention.  Whatever commonality exists, it is only with respect to St. Paul's third claim, and not with respect to the lead rescission claims.  I have denied defendants' motion to transfer and the action will stay in this Court.  To the extent that Robison's interests are implicated, Robison is free to offer assistance to defendants and may be subpoenaed to provide witnesses and documents.

 For the foregoing reasons, **IT IS ORDERED** that Robison's motion to intervene is **DENIED** without prejudice to being

///

///

4

renewed if changing circumstances align this case with the cases that have permitted intervention.

Dated: November 10, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ST. PAUL REINSURANCE\ROBISON.PREZIOSO bz.wpd