UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL REINSURANCE COMPANY LIMITED LONDON,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>THE FORT MILLER GROUP, INC. and BEECHE SYSTEMS CORPORATION,<br><br>　　　　Defendant(s). | No. C05-1912 BZ<br><br>**ORDER DENYING MOTION TO DISMISS OR TRANSFER** |

Defendants The Fort Miller Group, Inc. (Fort Miller) and Beeche Systems Corporation (Beeche), move to dismiss the complaint for lack of personal jurisdiction and for improper venue.[1]  In the alternative, defendants move to transfer this action to the Northern District of New York on the grounds of

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c).

1

1  improper venue or for the convenience of parties and
2  witnesses.
3       To the extent that Beeche has moved to dismiss for lack
4  of jurisdiction, its motion is **DENIED** as it has admitted in
5  paragraph 7 of its answer that this court has personal
6  jurisdiction over it.  The motion of Fort Miller is also
7  **DENIED**.  Plaintiff has submitted unopposed evidence that John
8  Hedbring, the President of Fort Miller, came to California to
9  negotiate the sale of the platforms which ultimately resulted
10 in the lawsuits.  Such lawsuits produced the claims for
11 indemnity and defense which gave rise to the plaintiff's
12 complaint for rescission and declaratory relief.  As such,
13 Fort Miller can be said to have purposefully availed itself of
14 the privilege of doing business in California such that it
15 could expect to be sued here. See Republic Intern. Corp., v.
16 Amco Engineers, Inc., 516 F.2d 161, 167 (9th Cir. 1975)
17 (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)); Cal.
18 Civ. Proc. Code § 410.10.
19      The record is also replete with uncontroverted evidence
20 that Fort Miller exercised substantial control over Beeche's
21 day to day operations and business dealings, including the
22 transaction which gave rise to the underlying actions, down to
23 the level of pricing and delivery decisions.  See e.g.
24 Declarations of Gordon and Piermarini.  California law is
25 clear that where a parent company exercises more than ordinary
26 control over the subsidiary such that the subsidiary may be
27 considered an agent, "jurisdiction over the parent may be
28 grounded in the acts of the subsidiary[.]"  See Wells Fargo &

1  Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 419-20 (9th Cir.
2  1977); Sonora Diamond Corp., v. Superior Court of Tuolumne
3  County, 83 Cal.App.4th 523, 541 (2000); Rollins Burdick Hunter
4  of So. Cal. Inc., v. Alexander, 206 Cal.App.3d 1, 9-10 (1988);
5  Mathes v. National Utility Helicopters Ltd., 68 Cal.App.3d
6  182, 189-90 (1977).  Based on the record before me, Fort
7  Miller's relationship with Beeche exceeds mere ownership and
8  directorship, such that Beeche's activities are imputed to
9  Fort Miller for jurisdictional purposes.
10      The motions for improper venue filed by each defendant
11 are likewise **DENIED**.  Having found that each defendant
12 corporation is subject to personal jurisdiction in the
13 Northern District of California, venue is proper here. See 28
14 U.S.C. § 1391(c).
15      The motion to transfer to the Northern District of New
16 York is also **DENIED**.  If the complaint pled only the first and
17 second claims, transfer would likely be warranted, as all or
18 most of the witnesses on those claims, especially the third-
19 party brokerage witnesses, appear to reside in the Northern
20 District of New York.  However, the complaint pleads a third
21 claim which seeks a declaration that the events for which the
22 defendants seek coverage do not constitute an occurrence
23 within the meaning of the policy and that some of the damages
24 for which defendants seek coverage are otherwise not subject
25 to any insuring agreement.  Those events, and the events
26 giving rise to those damages, appear to have occurred in the
27 Northern District of California.  Many of the witnesses on
28 these matters are third-party witnesses located in this

3

1 | district, including officers and employees of the entities
2 | that have sued defendants in California for breach of contract
3 | and related claims.
4 |     Wherever this action is tried, someone will be
5 | inconvenienced.  Based on the record presented by the
6 | plaintiff, which is largely unopposed by the defendants, I
7 | find that the inconvenience to third-party witnesses will be
8 | about the same regardless which district hears this case.
9 | Given the respect due the plaintiff's choice of forum, I find
10 | that defendants have not met their burden of making a strong
11 | showing of inconvenience justifying transfer.  See <u>Decker Coal
12 | Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir.
13 | 1986); <u>Los Angeles Memorial Coliseum Comm'n v. National
14 | Football League</u>, 89 F.R.D. 497, 499 (C.D. Cal. 1981); Judge
15 | William W. Schwarzer, et al., <u>Federal Civil Procedure Before
16 | Trial</u>, § 4:296 (Rutter Group 2005).
17 |     For the foregoing reasons, **IT IS ORDERED** that defendants'
18 | motion to dismiss or in the alternative to transfer is **DENIED**.
19 | Dated: November 10, 2005

*/s/ Bernard Zimmerman*
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ST. PAUL REINSURANCE\ORDER DENYING MOT. TO DISMISS(GM).wpd

4