UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL REINSURANCE COMPANY LIMITED LONDON,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>THE FORT MILLER GROUP, INC. and BEECHE SYSTEMS CORPORATION,<br><br>　　　　Defendant(s). | No. C05-1912 BZ<br><br>**ORDER SCHEDULING JURY TRIAL AND PRETRIAL MATTERS** |

　　Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Case Management Statement is adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1.　<u>DATES</u>

Trial Date:  Monday, Monday, January 29, 2007, **at 8:30 a.m.**

Pretrial Conference: Tuesday, 1/9/2007, **at 3:00 p.m.**

1

2. <u>DISCLOSURE AND DISCOVERY</u>

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter served on all parties not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute.  Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference.  The Court will contact the parties to schedule the conference.

3. <u>MOTIONS</u>

Consult Civil Local Rules 7-1 through 7-5 and this

1 Court's standing orders regarding motion practice.  Motions
2 for **summary judgment** shall be accompanied by a statement of
3 the material facts not in dispute supported by citations to
4 admissible evidence.  The parties shall file a joint statement
5 of undisputed facts where possible.  If the parties are unable
6 to reach complete agreement after meeting and conferring, they
7 shall file a joint statement of the undisputed facts about
8 which they do agree.  Any party may then file a separate
9 statement of the additional facts that the party contends are
10 undisputed.  A party who without substantial justification
11 contends that a fact is in dispute is subject to sanctions.  A
12 Chambers copy of all briefs shall be submitted on a diskette
13 formatted in WordPerfect 6.1, 8, 9 or 10 (Windows) or
14 WordPerfect 5.1 (DOS).
15 4.   FURTHER CASE MANAGEMENT CONFERENCE
16     A further case management conference has been set for
17 **February 23, 2006, at 4:00 p.m.** in Courtroom G, 15th Floor,
18 Federal Building, 450 Golden Gate Avenue, San Francisco,
19 California 94102.
20 5.   PRETRIAL CONFERENCE
21     Not less than thirty days prior to the date of the
22 pretrial conference, the parties shall meet and take all steps
23 necessary to fulfill the requirements of this Order.
24     Not less than twenty days prior to the pretrial
25 conference, the parties shall: (1) serve and file a joint
26 pretrial statement, containing the information listed in
27 **Attachment 1**, and a proposed pretrial order; (2) serve and
28 file trial briefs, motions <u>in</u> <u>limine</u> and statements

3

1  designating excerpts from discovery that will be offered at
2  trial (specifying the witness and page and line references);
3  (3) exchange exhibits, agree on and number a joint set of
4  exhibits and number separately those exhibits to which the
5  parties cannot agree; (4) deliver all marked trial exhibits
6  directly to the courtroom clerk, Ms. Scott; (5) deliver one
7  *extra* set of all marked exhibits directly to Chambers; and (6)
8  submit all exhibits in three-ring binders.  Each exhibit shall
9  be marked with an exhibit label as contained in **Attachment 2**.
10 The exhibits shall also be separated with correctly marked
11 side tabs so that they are easy to find.
12      No party shall be permitted to call any witness or offer
13 any exhibit in its case in chief that is not disclosed at
14 pretrial, without leave of Court and for good cause.
15      Lead trial counsel for each party shall meet and confer
16 in an effort to resolve all disputes regarding anticipated
17 testimony, witnesses and exhibits.  All motions *in limine* and
18 objections to witnesses or exhibits will be heard at the
19 pretrial conference.  Not less than ten days prior to the
20 pretrial conference, the parties shall serve and file any
21 objections to witnesses or exhibits or to the qualifications
22 of an expert witness.  Motions *in limine* shall be filed and
23 served not less than twenty days prior to the conference.
24 Oppositions shall be filed and served not less than ten days
25 prior to the conference.  There shall be no replies.
26      Not less than twenty days prior to the pretrial
27 conference the parties shall serve and file requested voir
28 dire questions, jury instructions, and forms of verdict.  The

4

1  following jury instructions from the *Manual of Model Civil*
2  *Jury Instructions for the Ninth Circuit* (1997 ed.) will be
3  given absent objection: 1.1-1.12, 2.1-2.2, 3.1-3.3, 3.5-3.8,
4  4.1-4.3.  Do not submit a copy of these instructions.  Counsel
5  shall submit a joint set of case specific instructions.  Any
6  instructions on which the parties cannot agree may be
7  submitted separately.  The Ninth Circuit Manual should be used
8  where possible.  Each requested instruction shall be typed in
9  full on a separate page with citations to the authority upon
10 which it is based.  Proposed jury instructions taken from the
11 Ninth Circuit Manual need only contain a citation to that
12 source.  Any modifications made to proposed instructions taken
13 from a manual of model instructions must be clearly indicated.
14 In addition, all proposed jury instructions should conform to
15 the format of the Example Jury Instruction attached to this
16 Order.  Not less than ten days prior to the pretrial
17 conference, the parties shall serve and file any objections to
18 separately proposed jury instructions.
19      Jury instructions that the Court has given in prior cases
20 may be downloaded from the Northern District website at
21 **http:\\www.cand.uscourts.gov**.  (Instructions are located on
22 the "Judge Information" page for Magistrate Judge Zimmerman.)
23 The Court will generally give the same instructions in cases
24 involving similar claims unless a party establishes, with
25 supporting authorities, that the instruction is no longer
26 correct or that a different instruction should be given.
27 Judicial Council (CACI) instructions generally will be given
28 instead of BAJI instructions.

1       All proposed jury instructions, motions in limine, forms
2  of verdict and trial briefs shall be accompanied by a floppy
3  diskette containing a copy of the document formatted in
4  WordPerfect 6.1, 8, 9 or 10 (Windows) or WordPerfect 5.1
5  (DOS).
6       At the time of filing the original with the Clerk's
7  Office, two copies of all documents (but only one copy of the
8  exhibits) shall be delivered directly to Chambers (Room 15-
9  6688).  Chambers' copies of all pretrial documents shall be
10 three-hole punched at the side, suitable for insertion into
11 standard, three-ring binders.
12 Dated:   January 18, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

# EXAMPLE PROPOSED JURY INSTRUCTION
## For Chambers of Magistrate Judge Zimmerman

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified.  The following proposed instruction contains these elements.

_____'s Proposed Instruction No. _____.
(Party)

[Title]

[Text]

[Authority]

_____ GIVEN    _____ REFUSED    _____ GIVEN AS MODIFIED

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A)   Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B)   Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A)   Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B)   Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C)   Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D)   Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

8

        (A)    Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

        (B)    Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

        (C)    Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission. Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

        (D)    Further Discovery or Motions. A statement of all remaining motions, including motions in limine.

(4) **Trial Alternatives and Options.**

        (A)    Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

        (C)    Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

        (D)    Bifurcation, Separate Trial of

1 | Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

# ATTACHMENT 2

| **USDC**<br>Case No. CV05-01912 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV05-01912 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
|---|---|
| **USDC**<br>Case No. CV05-01912 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV05-01912 BZ<br>**JOINT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV05-01912 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV05-01912 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV05-01912 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV05-01912 BZ<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV05-01912 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV05-01912 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV05-01912 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV05-01912 BZ<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br><br>Signature _____ |