UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIONAMERICA INSURANCE CO., LIMITED, Successor-in-interest to ST. PAUL REINSURANCE,<br><br>    Plaintiff(s),<br><br>v.<br><br>THE FORT MILLER GROUP, INC., THE FORT MILLER CO. and BEECHE SYSTEMS CORP.,<br>    Defendant(s). | No. C05-1912 BZ<br><br>**PRETRIAL ORDER** |

The pretrial conference in this case was held on February 3, 2009. Plaintiff was represented at the conference by Michelle R. Press, Esq. and Laura R. Ramos, Esq. Defendants were represented by Ethan Allen Hunt Miller, Esq., David A. Gabianelli, Esq., and Daniel T. Balmat, Esq.

This Order shall control the subsequent conduct of the case and be modified only to prevent manifest injustice. *See* Fed. R. Civ. P. 16(e).

**1. LENGTH AND TIME OF TRIAL**

Trial shall begin on **Monday, February 23, 2009, at 9:00**

1

a.m. in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102. The tentative trial schedule is as follows:

| | |
|---|---|
| Monday, February 23 | 9:00 a.m. - 3:00 p.m. |
| Tuesday, February 24 | 9:00 a.m. - 4:00 p.m. |
| Wednesday, February 25 | 9:00 a.m - 12:30 p.m; and 2:30 p.m. - 4:00 p.m. |
| Thursday, February 26 | 9:00 a.m. - 4:00 p.m. |
| Friday, February 27 | 9:00 a.m. - 4:00 p.m. |

Plaintiff shall be prepared to call witnesses **Monday, February 23, 2009 at 9:00 a.m.** Each side shall have a total of **12 hours** within which to present testimony. Each side shall schedule witnesses to avoid any interruption in the presentation of testimony. Witnesses may be called out of order with leave of court.

2.   CLAIMS TO BE TRIED

The trial scheduled to begin February 23, 2009 is a bench trial limited to Unionamerica's claims for rescission and reimbursement and Fort Miller's answer and affirmative defenses to those claims. (See Amend. Order Staying Counterclaim and Denying Request for Sanction, October 30, 2008.) The parties shall either agree on the manner in which the Court should handle plaintiff's claim for reimbursement or, if they are unable to agree, each side shall file a brief by **Wednesday, February 11, 2009,** of no more than 5 pages, setting forth its position on how this claim should be handled.

3.   RULINGS ON MOTIONS *IN LIMINE*

(1) Plaintiff's motion to exclude testimony regarding bad faith evidence is **DENIED** as overbroad, subject to being

renewed at trial with respect to specific evidence. If defendant believes there is authority that is inconsistent with <u>Dollar Systems, Inc. v. Avcar Leasings Systems, Inc.</u>, 890 F.2d 165 (9th Cir. 1989), it may file a supplemental **5 page** brief by no later than **Wednesday, February 11, 2009**. No reply brief shall be filed unless requested.

(2) Plaintiff's motion to exclude the testimony of William Hager is **DENIED** without prejudice to being renewed at trial in the context of specific documents or testimony. No expert witness will be permitted to give an opinion as to a legal conclusion, *i.e.*, an opinion on an ultimate issue of law. <u>McHugh v. United Serv. Auto. Ass'n</u>, 164 F.3d 451, 454 (9th Cir. 1999); *see also* <u>Shad v. Dean Witter Reynolds, Inc.</u>, 799 F.2d 525, 529 (9th Cir. 1986). The adoption of time limits should eliminate unnecessarily cumulative testimony. The motion is **GRANTED** to the extent Hager offers opinions about whether plaintiff acted in bad faith in seeking rescission.

(3) Plaintiff's motion to exclude expert opinion and testimony of Donn McVeigh is **DENIED** without prejudice to being renewed at trial in the context of specific documents or testimony.

(4) Plaintiff's motion to exclude the testimony of Douglas Shureen is **DENIED** without prejudice to being renewed at trial in the context of specific testimony.

(5) Plaintiff's motion to exclude use of privileged information inadvertently produced is **DENIED** as moot.

(6) Defendant's motion to preclude advice of counsel

as a defense is **DENIED** subject to being renewed at trial if advice of counsel is raised.

(7) Defendant's motion to strike portions of Rabb's report is **DENIED**. The motion to exclude his testimony as improper rebuttal is **DENIED** without prejudice to being renewed during his testimony. If it wishes, defendant may depose Rabb for up to thirty minutes solely on the issue of why he changed the word "limits" in his report to "premiums." If defendant chooses to depose Rabb, his deposition fee shall be borne by plaintiff.

**4. RULINGS ON MISCELLANEOUS MOTIONS**

(1) Plaintiff's unopposed request for judicial notice is **GRANTED**, subject to motions to strike on relevancy grounds at trial.

(2) A separate order will issue on plaintiff's motion for sanctions pursuant to Rule 37(c).

(3) Plaintiff's motion for sanctions pursuant to Rule 16(f) (Doc. 305) is **DENIED**.

**5. OBJECTIONS TO EXHIBITS**

(1) Exhibits will not be admitted unless sponsored by a witness or other foundation is laid. Objections to exhibits will be considered when an exhibit is introduced.

**6. OBJECTIONS TO WITNESSES**

(1) Defendant's objection to plaintiff's calling witness Chris Neil is **OVERRULED**. If Neil's testimony at trial contradicts testimony previously given by plaintiff's Rule 30(b)(6) witnesses, then Neil will be subject to impeachment with the prior statement of the corporation. *See*

1  W. R. Grace & Co. v. Viskase Corp., No. 90 C 5383, 1991 U.S.
2  Dist. LEXIS 14651 at *7 (N.D. Ill. October 11, 1991).  For
3  the reasons given at the pretrial conference, defendant's
4  request to depose Neil is **DENIED**.

    **7.    MISCELLANEOUS**

    Each party is given until **Wednesday, February 11, 2009**
to state whether the following witnesses will be giving live
testimony at trial:  Timothy Open; Betty Prah; and Clayton
Melton.

    Any party who desires a transcript of the trial must
make arrangements with the court reporter.  Any party who
needs an interpreter or audio or visual equipment shall make
its own arrangements for same and clear all such equipment
with court security personnel.

    The parties are instructed to notify the Court
immediately if this action should settle before the
commencement of trial.

Dated: 9 Feb 09

Bernard Zimmerman
United States Magistrate Judge

g:\bzall\-bzcases\Unionamerica v. Fort Miller\Pretrial\Pretrial Order.wpd