```
 1
 2
 3
 4
 5
 6
 7                    UNITED STATES DISTRICT COURT
 8                   NORTHERN DISTRICT OF CALIFORNIA
 9
10  UNIONAMERICA INSURANCE CO., )
    LIMITED, Successor-in-      )
11  interest to ST. PAUL        )   No. C05-1912 BZ
    REINSURANCE,                )
12                              )   ORDER DENYING PLAINTIFF'S
              Plaintiff(s),     )   MOTION TO EXCLUDE EXPERT
13                              )   TESTIMONY AND FOR MONETARY
         v.                     )   SANCTIONS
14                              )
    THE FORT MILLER GROUP, INC.,)
15  THE FORT MILLER CO. and     )
    BEECHE SYSTEMS CORP.,       )
16            Defendant(s).     )
                                )
17  _____)
```

    Before me is plaintiff Unionamerica Insurance Co.'s motion to exclude all testimony of defendant's expert Donn McVeigh, and for monetary sanctions against defendant and their counsel of record. For the reasons stated below, plaintiff's motion is **DENIED**.

    Rule 37(c)(1) "excludes untimely expert witness testimony, unless the 'failure to disclose the required information is substantially justified or harmless.'" Laser Design Intern, LLC v. BJ Crystal, Inc., Nos. C 03-1179 JSW, C 03-3905 JSW, 2007 WL 735763, at *1 (N.D. Cal. Mar. 7, 2007) (quoting Yetti by Molly Ltd. v. Deckers Outdoor Corp., 259

F.3d 1101, 1106 (9th Cir. 2001)); *see also* Eden v. Washington State Patrol, No. 05-1091 MJP, 2006 WL 2927703 (W.D. Wash. Oct. 11, 2006) (excluding expert testimony for failure to timely submit report).[1] Here, defendant bears the burden of demonstrating that its failure was either substantially justified or harmless. Yetti by Molly, 259 F.3d at 1107. Defendant's failure to disclose would be harmless if plaintiff was not prejudiced by the non-disclosure. *See* Id. at 1108.

It is within the broad discretion of the trial court to determine if the failure to disclose was harmless. *See* Kim v. Pacific Bell, No. C-97-4591 SI, 1999 WL 760634, at *2 (N.D. Cal. Sept. 20, 1999). *See also* Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996). In making this determination the court may consider, "the(1) surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003). *See generally* Woodworker's Supply, Inc. v. Principal Mutual Life

---

[1] Rule 37(c)(1) reads in pertinent part: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court . . . may impose other appropriate sanctions."

2

1 | Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999); Reilly v.
2 | Natwest Mkts. Group Inc., 181 F.3d 253, 269 (2d Cir. 1999).
3 |      McVeigh's error was inadvertent.  He did not selectively
4 | exclude particular cases or testimony; he erroneously counted
5 | back three years instead of four which led to the incomplete
6 | disclosure of cases.  Plaintiff had ample opportunity to
7 | prepare for McVeigh's deposition and the trial thus no harm
8 | was caused by McVeigh's error.  A few weeks prior to
9 | McVeigh's deposition, plaintiff had acquired a complete list
10 | of cases in which McVeigh had offered testimony in the
11 | previous four years.  Moreover, McVeigh corrected his error
12 | by issuing a supplemental disclosure with a complete list of
13 | cases three days before his deposition.  (McVeigh Decl. ¶
14 | 16.)  This should have allowed plaintiff ample time to
15 | prepare for McVeigh's January 9, 2009, deposition and
16 | plaintiff has not asked this court for additional time to
17 | depose McVeigh.  Defendant further asserts that the seven
18 | cases McVeigh inadvertently withheld were not important or
19 | disruptive to the trial because his testimony in those cases
20 | is consistent with the opinions he offers in the present
21 | case, a position which plaintiff has not satisfactorily
22 | refuted.
23 |      Plaintiff alleged in its motion, as well as at the pre-
24 | trial conference held on February 3, 2009, that as a result
25 | of McVeigh's error, plaintiff incurred $12,000 in fees and
26 | costs trying to gather the information missing from McVeigh's
27 | expert report.  (Pl.'s Mot. for Rule 37(c) Sanctions 16:8.)
28 | Consequently, plaintiff seeks $12,000 in sanctions pursuant

to Rule 37(c)(1). However, plaintiff produced no evidence that it attempted to acquire the missing information directly from defendant prior to commencing an independent investigation and incurring additional fees.[2] Given McVeigh's correction, plaintiff's costs do not appear to have been necessarily incurred.

Defendant has shown that McVeigh's error was harmless to the plaintiff, and thus plaintiff's motion is **DENIED**.

Dated: February 4, 2009

Bernard Zimmerman
United States Magistrate Judge

g:\bzall\-bzcases\Unionamerica v. Fort Miller\Order Denying Plaintiffs Motion To Exclude Expert McVeighs Testimony

---

[2] The evidence plaintiff offered at the pre-trial conference regarding defendant's refusal to turn over the additional year of cases is related to the subpoena served on McVeigh on November 21, 2008. (Van Steenis Decl. Exh. 5.) Defendant's objections to the subpoena on the grounds that the request is overbroad does not support the proposition that defendant intentionally withheld cases from McVeigh's report.

4