SELMAN BREITMAN LLP
Michelle R. Press (SBN 163637)
Laura R. Ramos (SBN 186326)
Ryan J. Van Steenis (SBN 254542)
11766 Wilshire Blvd., 6th Floor
Los Angeles, CA  90025-6538
Telephone: (310) 445-0800
Facsimile: (310) 473-2525
mpress@selmanbreitman.com
lramos@selmanbreitman.com
rvansteenis@selmanbreitman.com

Attorneys for Plaintiff Unionamerica Insurance Company Limited, successor-in-interest to St. Paul Reinsurance Company Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Unionamerica Insurance Company Limited, successor-in-interest to St. Paul Reinsurance Company Limited,<br><br>Plaintiff,<br><br>v.<br><br>The Fort Miller Group, Inc., The Fort Miller Company, Inc. and Beeche Systems Corporation,<br><br>Defendants. | CASE NO.   C 05 01912 BZ<br><br>NOTICE OF ERRATA FOR TRANSCRIPT OF PROCEEDINGS, BENCH TRIAL DAY 3, FEBRUARY 25, 2009<br><br>[PROPOSED] ORDER ENTERING ERRATA SHEET INTO THE RECORD<br><br>Trial date February 23, 2009<br><br>Magistrate Judge :   Bernard Zimmerman<br><br>1st Am. Complaint Filed :   4/28/2008 |

COME NOW, plaintiff, Unionamerica Insurance Company Limited ("Unionamerica") and defendants The Fort Miller Group, Inc., The Fort Miller Company and Beeche Systems Corporation, through their respective attorneys of record, and hereby make corrections to the trial transcript dated February 25, 2009,  through this Errata Sheet and Proposed Order.

During the trial of this matter plaintiff presented a witness, Betty Prah, through the use of a videotaped deposition.  The court reporter took down the videotaped testimony in the trial

transcript. Because of technical difficulties, the audio of the video was not clear at times and presented trouble for the court reporter to hear the testimony. Plaintiff prepared a transcript of the videotaped testimony for the record. Plaintiff offered this transcript into evidence but the Court asked instead that the transcript be given to the court reporter and the parties review the trial transcript for possible corrections.

The parties have compared the trial transcript of Betty Prah's testimony from February 25, 2009 with the deposition transcript and agree that the record reflect following changes to the trial transcript. The parties request that the court issue the below order to admit this Errata Sheet into the record.

| Page/Line | Original Transcript, February 25, 2009 | Corrected Transcript (Changes in bold) |
|---|---|---|
| 564:1-3 | Q. Was made in 1999 and 2001, how they maintained underwriting files?<br><br>A. This is the example right here. | Q. **Can you explain to me** in 1999 and 2001, how they maintained underwriting files?<br><br>A. **Well,** this is the example right here **of it. And I set this program up right here, so I'm very much aware of how they were set up.** |
| 564:21-22 | Q. Who is your assistant at that time?<br>A. Janice… | Q. Who **was** your assistant at that time?<br>A. **Jane Smith**…. |
| 567:18-19 | Q. Typical document that would be placed into the U.S. Risk underwriting file in 1999? | Q. **Is this a** typical document that would be placed into **a** U.S. Risk underwriting file in 1999? |
| 567:21-23 | Q. So your comfortable that documents 119 and 127 were received by U.S. Risk on or about March 8, 1999 and were placed in the U.S. Risk underwriting files? | Q. So **you're** comfortable that documents 119 **through** 127 were received by U.S. Risk on or about March 8, 1999 and were placed in the U.S. Risk underwriting file? |

| Page/Line | Original Transcript, February 25, 2009 | Corrected Transcript (Changes in bold) |
|---|---|---|
| 569:7-8 | Q. What was the procedure when documents were received and mailed by U.S. Risk in terms of stamping them? | Q. What was the procedure when documents were received **via mail** by U.S. Risk in terms of stamping them? |
| 569:10-12 | Q. As a matter of custom and practice when U.S. Risk stamped each page that came in together as something received in the mail? | Q. As a matter of custom and practice, **would** U.S. Risk **stamp** each page that came in together **of** something received in the mail? |
| 569:18-19 | Q. Turning to page 117, which is two pages this way. Do you recognize the – " | Q. Turning to page 117, which is two pages this way. Do you recognize the **handwriting on that document?** |
| 569-24 | A. Yes, I did. | A. Yes, I **do.** |
| 572:1-2 | Q. The underwriter. Okay. Do you see the answer to number one average value of insurance product 1,000? | Q. The underwriter. Okay. Do you see the answer to number one average value of **insured's** product 1,000? |
| 572-4-6 | MS. PRESS: Can we have a stipulation there's a typographical error in the transcript, it was actually added value of insurance products was a thousand dollars? | MS. PRESS: Can we have a stipulation there's a typographical error in the transcript, it was actually, value of **insured's** product was a thousand dollars? |
| 572:20-21 | Q. Where would the underwriter have obtained the information from highest value of insurance product? | Q. Where would the underwriter have obtained the information **for the** highest value of **insured's** product? |
| 573:23 | Q. Is it generated by the computer? | Q. Is **that** generated by the computer, **that date?** |
| 574:7-8 | Q. And how much was the total quote for? | Q. And how much was the total quote for?<br><br>A. **$14,481.** |

3

**ERRATA SHEET FOR TRANSCRIPT OF PROCEEDINGS FEBRUARY 25, 2009**
**]PROPOSED] ORDER**
Case No. C 05 01912 BZ

| Page/Line | Original Transcript, February 25, 2009 | Corrected Transcript (Changes in bold) |
|---|---|---|
| 576:18-21 | A. Linda. Request to bind to Sandy. And then someone written please find effective 4/4/99 or at your earliest, we want to expire for 4/9/00 to state with common account expiration date. | A. Linda. Request to bind to Sandy. And then someone **wrote in** please **bind** effective **4/9/99** or at your **earliest**, we want to expire for 4/9/00 to **stay** with common account expiration date. |
| 576:23-24 | A. They would want part of their policies to expire at the same time. | A. They would want **all** of their policies to expire at the same time. |
| 577:12-13 | Q. 24 and I ask you could you explain to us what that document is? | Q. **We were looking at page 284, and I don't know if I asked** you, **can** you explain to us what that document is? |
| 577-21 | Q. Is it –" | Q. Is it – **was it customary at the time to receive a handwritten order to request to bind?** |
| 578:20 | A. Yes. | A. Yes, **page 284**. |
| 580:7-8 | Q. Is this a standard form letter that U.S. Risk would send in closing the binder invoice? | Q. Is this a standard form letter that U.S. Risk would send **enclosing** the binder **and** invoice? |
| 580:10-11 | Q. Do you have any reason to believe this was not transmitted to associates of Glens Falls on may 4/1/1999? | Q. Do you have any reason to believe this was not transmitted to Associates of Glens Falls on **May 4, 1999**? |
| 581:24-25 | Q. Let's move on page forward page 69. Have you seen that? | Q. Let's move on page forward page 69. **Do you see that, June 10, 1999?** |
| 583:7-8 | Q. Do you see where it says insured has agreed to renew coverage as per expiring and your annual pricing? | Q. Do you see where it says insured has agreed to renew coverage as per expiring and your **renewal** pricing? |

| Page/Line | Original Transcript, February 25, 2009 | Corrected Transcript (Changes in bold) |
|---|---|---|
| 583:24-25 | Q. In your experience as U.S. Risk underwriter, how many binders have you generated? | Q. In your experience as U.S. Risk underwriter, how many binders have you generated **or reviewed**? |
| 584:4-6 | Q. Where is it signed in that?<br><br>A. The computer printed out what these documents are printed. | Q. Where **are you finding that**?<br><br>A. The computer printed out **when** these documents **were** printed. |
| 584:7-8 | Q. Let's turn to page 42. Endorsement number 1, could have been different for each? | Q. Let's turn to page 42. **Was** Endorsement number 1 **a particular endorsement to your knowledge, or** could **it** have been different for each **insured**? |
| 585:25 | Q. Okay. Do you see where it says there's been any | Q. Okay. Do you see where it says **if there have** been any |
| 587:6-9 | A. Your writing in or when you're looking at it your looking at it as though the exposure base is the same. No changes. The use is the same, products are the same, that's what I see right here. | A. **When you're rating this** or when **you're** looking at it you're looking at it as though the exposure base is the same. No changes. **Values are** the same, products are the same, that's what I see right here. |
| 588:4-5 | A. There you still referring back to another question that has nothing to do what you just, the application. | A. **Are** you still referring back to another question that has nothing to do what you just, the application. |

**ERRATA SHEET FOR TRANSCRIPT OF PROCEEDINGS FEBRUARY 25, 2009**
**]PROPOSED] ORDER**
Case No. C 05 01912 BZ

| Page/Line | Original Transcript, February 25, 2009 | Corrected Transcript (Changes in bold) |
|---|---|---|
| 588:19-20 | A. The thing to do, the application becomes a warranted part of the policy, which says I don't know if your familiar with D and A policies, professional liability policies for applications become a warranted part, there you can -- your more susceptible to misrepresentation material facts. | A. The thing to do, the application becomes a warranted part of the policy, which says -- I don't know if **you're** familiar with D and **O** policies, professional liability policies **where** applications become a warranted part, there you can -- **you're** more susceptible to misrepresentation **of** material facts. |
| 589:25 | A. Right. As opposed to value. | A. Right. As opposed to **the values that they've shown me, their largest value.** |
| 590:15-25-591:1 | A. They show me the value.<br><br>Q. You're doing both?<br><br>A. I'm not having to look at both these because if we're talking about a variable.<br><br>Q. Never happened?<br><br>A. No.<br><br>Q. Okay. So you're going go through each one of those items that are listed on there about a policy holder or policy holders agent and try to determine what those are and what risks those pose to U.S. Risk, right?<br><br>A. Right. As opposed to the values that they shown me their largest value. | **[Delete -- repeat of previous page of testimony.]** |
| 591-2 | Q. As opposed to your doing both? | Q. As opposed to **you're** doing both? |

| Page/Line | Original Transcript, February 25, 2009 | Corrected Transcript (Changes in bold) |
|---|---|---|
| 591:3-4 | A. I'm not having to look at both these if we're talking about a variable that's over $100,000 I'm going to wonder what | A. I'm having to look at both these. **If** we're talking about a **burial vault** that's over $100,000 I'm going to wonder what |

DATED: March 11, 2009                SELMAN BREITMAN LLP


By: /s/Michelle R. Press
    MICHELLE R. PRESS
    LAURA R. RAMOS
    RYAN J. VAN STEENIS
Attorneys for Plaintiff Unionamerica Insurance Company Limited, successor-in-interest to St. Paul Reinsurance Company Limited


DATED: March 11, 2009                SQUIRE SANDERS & DEMPSEY LLP


By: /s/Daniel T. Balmat
    ETHAN ALLEN H. MILLER
    DAVID GABIANELLI
    DANIEL BALMAT
Attorneys for Defendants The Fort Miller Group, Inc., The Fort Miller Company, Inc. and Beeche Systems Corporation


[ORDER APPEARS ON NEXT PAGE]

**ERRATA SHEET FOR TRANSCRIPT OF PROCEEDINGS FEBRUARY 25, 2009**
**]PROPOSED] ORDER**
Case No. C 05 01912 BZ

## ORDER

The corrections to the trial transcript for February 25, 2009, listed in the above Errata Sheet are admitted into the record of the bench trial of *Unionamerica Insurance Company Limited, successor-in-interest to St. Paul Reinsurance Company Limited v. The Fort Miller Group, Inc., The Fort Miller Company, Inc. and Beeche Systems Corporation*, Case No. C 05 01912 BZ

**SO ORDERED:**

Date: March 11, 2009

*[signature]*
BERNARD ZIMMERMAN
UNITED STATES MAGISTRATE JUDGE