1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  UNIONAMERICA INSURANCE CO., )
    LIMITED, Successor-in-      )
12  interest to ST. PAUL        )     No. C05-1912 BZ
    REINSURANCE,                )
13                              )     **ORDER DENYING PLAINTIFF'S**
              Plaintiff(s),     )     **MOTION FOR ATTORNEY'S FEES**
14                              )
         v.                     )
15                              )
    THE FORT MILLER GROUP, INC.,)
16  THE FORT MILLER CO. and     )
    BEECHE SYSTEMS CORP.,       )
17            Defendant(s).     )
                                )
18  _____)

19       Before the Court is plaintiff Unionamerica Insurance

20  Company's ("Unionamerica") motion for attorneys' fees.

21  Plaintiff seeks $249,945.00 in attorneys' fees it spent

22  prosecuting its rescission claim against The Fort Miller

23  Group, Inc., The Fort Miller Co., and Beeche Systems Corp.

24  (collectively "Fort Miller"), in which judgment was entered

25  in favor of plaintiff on March 16, 2009.

26       Unionamerica contends that California Civil Code § 1692

27  permits courts to award attorneys' fees as consequential

28  damages in order to afford a prevailing party complete

                               1

relief, citing <u>Kass v. Weber</u>, 261 Cal.App.2d 417 (1968).
This case is not instructive, as it not only involved a cause
of action for rescission of an agreement which had been
fraudulently induced - a claim that Unionamerica did not
allege- but it also upheld an award of consequential damages
to the plaintiff for its attorney fees in a "prior action"
that the plaintiff was forced to litigate because of the
defendant's fraudulent acts.  The court stated that
"[r]ecovery in an action for deceit for fraudulently inducing
a contract includes the expense of *other litigation* incident
to the contract *as part of consequential damages*."  <u>Id.</u> at
423 (emphasis in original).  Here, Unionamerica did not
claim, and the court did not find, fraud by Fort Miller and
Unionamerica is not seeking fees for a "prior action" it had
to litigate because of defendant's fraud.  Other than <u>Kass</u>,
Unionamerica provides no authority for its contention that
attorneys' fees may be awarded as consequential damages
pursuant to § 1692.[1]

Unionamerica also asserts that it is entitled to an
award of attorneys' fees based on Fort Miller's litigation
conduct, which it contends was "vexatious, wanton, and
unreasonable."  "Under the 'American rule,' attorney's fees
may not be awarded absent statutory or contractual

---

[1]    Unionamerica also cites to <u>Audre Recognition System
v. Casey</u>, 210 B.R. 360 (Bankr. S.D. Cal. 1997) and <u>Gibson v.
Rotunno</u>, an unpublished case in which a fraudulently induced
contract with an attorney's fee provision was rescinded, No.
96-4076, 1996 U.S. App. LEXIS 33324 (10th Cir. Dec. 20, 1996).
Neither case stands for the proposition that Unionamerica
asserts.

1   authorization, or a finding of bad faith." <u>Gotro v. R & B</u>

2   <u>Realty Group</u>, 69 F.3d 1485, 1487 (9th Cir. 1995) (citing

3   <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc.</u>, 421 U.S. 240,

4   257 (1975)).  Fees may be awarded " . . . when the losing

5   party has acted in bad faith, vexatiously, wantonly, or for

6   oppressive reasons."  <u>Dollar Systems, Inc. v. Avcar Leasing</u>

7   <u>Systems, Inc.</u>, 890 F.2d 165, 175 (9t Cir. 1989) (citations

8   and quotations omitted); *see also* <u>Allmerica Fin. Life Ins. &</u>

9   <u>Annuity Co. v. Dalessio</u>, No. 96-0385, 2006 U.S. Dist. LEXIS

10  8994 at *24 (N.D. Cal. Feb. 20, 2006); <u>United States v.</u>

11  <u>Standard Oil Co.</u>, 603 F.2d 100, 103 (9th Cir. 1979) ("An

12  award of attorneys' fees for bad faith "is punitive, and the

13  penalty can be imposed 'only in exceptional cases and for

14  dominating reasons of justice.'") (quoting 6 J. Moore,

15  Moore's Federal Practice para. 54.77[2] (2d ed. 1972)).

16      This litigation was bitterly contested and I regularly

17  cautioned both parties regarding their litigation tactics.

18  But neither Unionamerica nor Fort Miller acted vexatiously or

19  in bad faith to the degree that would support an award of

20  fees.

21      I find no need for argument and **VACATE** the hearing

22  scheduled for **May 20, 2009.  IT IS ORDERED** that

23  Unionamerica's motion for attorneys' fees is **DENIED**.

24  Dated: April 24, 2009

25                          Bernard Zimmerman

26                          United States Magistrate Judge

27

28  G:\BZALL\-BZCASES\UNIONAMERICA V. FORT MILLER\TRIAL\ORDER ON P'S MOT FOR
    ATTORNEY'S FEES.wpd